UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HANNAH SMITH, AMY FEIK, AND SIERRA DIVINE,<br><br>Plaintiffs,<br><br>v.<br><br>BEST BUY STORES, L.P., a Virginia limited partnership,<br><br>Defendant. | Case No. 4:16-cv-00296-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court are Defendant's Motion to Claw Back Certain Work Product Material Produced During Discovery and For Entry of a Protective Order (Dkt. 25) and accompanying Motion to Seal (Dkt. 28). The Motions are fully briefed and at issue. For the reasons stated below, the Court will deny the Motion to Claw Back but grant the Motion to Seal.

## BACKGROUND

Plaintiffs filed this lawsuit in U.S. District Court for the District of Idaho on June 30, 2016, alleging Best Buy discriminated against Plaintiffs based on their gender, retaliated against them, and subjected them to harassment and a hostile work

environment, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Idaho Human Rights Act ("IHRA"). *Compl.,* Dkt. 1.

In July 2016, Best Buy hired Attorney Sara E. Van Genderen from the law firm of Geittmann Larson Swift LLP to investigate Plaintiffs' allegations in their lawsuit against Best Buy. *See* Van Genderen Decl. ¶ 5. On August 8, 9 and 18, 2016, Attorney Van Genderen met or spoke with numerous employees from Best Buy's Idaho Falls Store #944 regarding the allegations in this lawsuit. *Id.* ¶¶ 6, 7. Ms. Van Genderen conducted the investigation in her capacity as an attorney and prepared witness summaries based on the information provided during the investigation. *Id.* ¶ 8. After she completed the internal investigation, she provided the witness summaries to Best Buy. *Id.* ¶ 10; Van Genderen Decl. Ex. 1. At the time she prepared them and provided copies to Best Buy, Attorney Van Genderen understood her witness summaries were covered by the work product doctrine. *Id.* ¶ 11.

Plaintiffs served Best Buy with a Summons and the Complaint on August 29, 2016. Dkt. 4. On October 20, 2016, the Parties entered into a Stipulated Discovery Plan, containing the following language regarding the production of privileged or work product material:

> **Clawback:** Pursuant to Fed. R. Evid. 502(d), the parties request the Court to enter an Order that production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or work-product protection in this case or in any other federal or state proceeding.

Dkt. 15 at ¶ VI.a.

On October 27, 2016, the Court entered a Case Management Order stating "All discovery is subject to the Federal Rules of Civil Procedure, the Local Civil Rules for the District of Idaho, and the parties' joint discovery plan, which is incorporated by reference." Dkt. 16 at ¶ 4. The case was reassigned from Judge Ronald E. Bush to District Judge B. Lynn Winmill on November 28, 2016. The undersigned thereafter entered an Amended Case Management Order containing the same language. Dkt. 19 at ¶ 4.

On October 27, 2016, Best Buy served Plaintiffs with its initial disclosures and roughly 600 pages of documents. *See* Ex. A. Attorney Van Genderen's August 2016 witness interview summaries were included in Best Buy's initial disclosures. *See* Van Genderen Decl. Ex. 1; Ex. A.

In or around March 2017, Best Buy hired Attorneys Thomas Deer and Katherine Manuel from the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., to work with Best Buy's current counsel, Moffatt Thomas. On April 6, 2017, Best Buy's counsel notified Plaintiffs' counsel by telephone and e-mail that work product material had been included in Best Buy's initial production and requested that the material be returned. *See* Ex. B. Best Buy's counsel followed up with Plaintiffs' counsel on April 18, 2017. *See* Ex. C. On April 20, 2017, Plaintiffs' counsel refused to return the materials. *See* Ex. D. On May 16, 2017, Best Buy's counsel again contacted Plaintiffs' counsel about the witness summaries. *See* Ex. E. Plaintiffs maintained their objections and refused to return the witness summaries.

On May 1, 2017, Best Buy's counsel circulated a draft protective order for Plaintiffs' review and consideration. *See* Ex. F. On May 26, 2017, Plaintiffs circulated their proposed revisions. *See* Ex. H. Best Buy accepted all revisions, except those made to the Inadvertent Disclosure section. *See* Ex. I. Specifically, Plaintiffs' revision striking the language "Production of a privileged or work product document, whether inadvertent or otherwise, is not a waiver of privilege or work product protection in this case or in any other federal or state proceeding." *Id.* at 6. Notably, this language mirrors the language in the Parties' Stipulated Discovery Plan. *See* Dkt. 15 at ¶ VI.a. Plaintiffs removed this language, claiming a protective order is not the proper place to address waiver of the work product privilege. *See* Ex. J.

After an unsuccessful meet and confer, and informal mediation with the Court, Best Buy filed the present discovery motion. Best Buy seeks an Order allowing it to claw back the witness interview summaries and entry of its Proposed Protective Order.

## ANALYSIS

**1. Motion to Claw Back Witness Interview Summaries**

In determining whether Best Buy is entitled to claw back of the witness interview summaries, the Court must determine (1) whether the materials are protected by the work product doctrine and (2) whether the protection, if applicable, has been waived.

### A. *Materials Constitute Privileged Work Product*

"The work product doctrine, codified in Federal Rule of Civil Procedure 26(b)(3), protects 'from discovery documents and tangible things that are prepared in anticipation

of litigation or for trial by or for another party or its representative.'" *See In re Grand Jury Subpoena*, 357 F.3d 900, 906 (9th Cir. 2004) (*quoting Admiral Ins. Co. v. United States District Court*, 881 F.2d 1486, 1494 (9th Cir.1989).

"[T]o qualify for protection against discovery under [Federal Rule 26(b)(3)], documents must have two characteristics: (1) they must be 'prepared in anticipation of litigation or for trial,' and (2) they must be prepared 'by or for another party or by or for that other party's representative.'" *In re California Pub. Utils. Comm'n*, 892 F.2d 778, 780–81 (9th Cir. 1989) (quoting Fed. R. Civ. P. 26(b)(3)). The Supreme Court has held that the work product doctrine applies to documents created by investigators working for attorneys, provided they were created "in anticipation of litigation." *United States v. Nobles*, 422 U.S. 225, 238–39 (1975).

The witness interview summaries clearly qualify as protected work product. The documents were prepared after Plaintiffs filed this lawsuit, as part of an investigation into the allegations in the Complaint by an investigator hired by the defendant's attorney. Accordingly, the Court finds that the witness materials are protected work product.

### B.  Best Buy Waived the Work Product Protections

To support its clawback request, Best Buy must next establish that its disclosure did not constitute a waiver of the work product protections. This question is governed by Federal Rule of Evidence 502(b), unless the parties have agreed to a clawback provision. Therefore, the Court begins by addressing whether the disclosure was covered by an enforceable clawback order, and if so, the extent of that agreement.

### (i) Best Buy's Disclosure Was Not Subject to a Clawback Order

Best Buy argues that the parties agreed, by way of clawback language contained in their Stipulated Discovery Plan, that disclosure of privileged materials would not constitute waiver. Plaintiffs disagree that the Stipulated Discovery Plan constitutes such an agreement and that any such agreement supplants the analysis under Rule 502(b).

The relevant portion of the Stipulated Discovery Plan provides:

> **Clawback:** Pursuant to Fed. R. Evid. 502(d), the parties request the Court to enter an Order that production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or work-product protection in this case or in any other federal or state proceeding.

Federal Rule of Evidence 502(d), by comparison, provides that "[a] federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding."

The Court finds that the above-quoted language from the Discovery Plan is nothing more than a stipulation for the Court to enter a Rule 502(d) order. While the parties invoked Rule 502(d), no proposed order was submitted to the Court for its consideration, pursuant to general practice in this district. Therefore, no Rule 502(d) order ever issued. It is true, as Best Buy points out, that the Original and Amended Case Management Orders state that "[A]ll discovery is subject to . . . the parties' joint discovery plan, which is incorporated by reference." However, that language does nothing more than bind the parties to the stipulations in their Discovery Plan, including

their stipulation for entry of a Rule 502(d) Order. It does not, as Best Buy suggests, turn the Case Management Order itself into a Rule 502(d) order.

To the extent that Best Buy argues that this claw back language should be enforceable as an agreement between the parties, the Court also disagrees. The provision expressly invokes Rule 502(d) and not Rule 502(e), the provision governing clawback agreements between parties. The provision is also most naturally read as a request of the Court, as opposed to a binding agreement between the parties.

Therefore, the Court concludes that the clawback language in the Stipulated Discovery Plan does not constitute a Rule 502(d) order or Rule 502(e) agreement between the parties.

### (ii) Best Buy's Disclosure Falls Outside the Scope of Any Purported Claw Back Order

The enforceability of the parties' clawback language is rendered largely moot by the Court's determination, below, that Best Buy's disclosure was intentional. Typically, a clawback arrangement permits recovery of *inadvertently* produced documents, regardless of the care taken by the disclosing party. Moreover, the parties' bare clawback language does not indicate a clear desire to protect intentional disclosures. *Cf. Def. Mem.* at 7, Dkt. 26 ("[T]he Stipulated Discovery Plan clearly contemplates that the only challenge available to a party receiving *inadvertently produced information* is whether the information is privileged in the first instance – if privileged, the information must be returned without resort to analysis under Rule 502(b).") (emphasis added).

The Court also has serious reservations about the enforceability of a clawback order extending to intentional disclosures. As the United States Court of Federal Claims persuasively concluded in a 2012 case,

> although FRE 502(d) is not expressly limited to unintentional disclosures, the context of the Rule as a whole makes clear that this provision exists to "close the loop" on the protections that the Rule extends to [inadvertent] disclosures . . . . Further, . . . under the plain language of FRE 502(d), the other-forum protection offered by a court order pursuant to this provision is expressly limited to disclosures which have not resulted in waivers of privilege for the purpose of the current proceeding—which simply cannot be the case with any intentional waivers made in the course of, for example, an advice-of-counsel defense. See FRE 502(d) . . . . This reading of FRE 502(d) is, moreover, further supported by unambiguous statements . . . from both Congress and the Advisory Committee, to the effect that FRE 502 does not alter any aspect of the substantive doctrines regarding privilege and waiver. . . . Lastly, nothing in . . . any of the exemplary protective orders issued by this Court in other cases, and cited by Plaintiff, indicate[s] that this Court has ever extended the reach of FRE 502 [to intentional disclosures].

*Potomac Elec. Power Co. & Subsidiaries v. United States*, 107 Fed. Cl. 725, 731–32 (2012). The *Potomac* court also noted that protecting intentional disclosures would eviscerate the long-standing doctrine regarding selective privilege waivers and Rule 502's stated purpose. *Id.* (*citing* 154 Cong. Rec. 18017 (2008) ("[T]his subdivision does not provide a basis for a court to enable parties to agree to a selective waiver of the privilege . . . while preserving the privilege as against other parties seeking the information."). Allowing a party to intentionally and tactically disclose protected materials during litigation, while preserving the ability to assert privilege when such tactics change and again parties not privy to the Rule 502(d) Order, would stretch attorney-client and work product protections far beyond their intended purpose.

In sum, the Court concludes that the clawback language in the Stipulated Discovery Plan is not enforceable as a Rule 502(d) order or Rule 502(e) agreement between the parties. Even if it was, Defendant's intentional disclosure would not be entitled to protection. Thus, the Court must turn to the default rules regarding clawback of privileged materials under Rule 502(b).

C.  **Best Buy's Disclosure Constitutes a Waiver under Rule 502**

Rule 502 addresses the consequences that flow from the disclosure of privileged materials, absent an agreement or order to the contrary. Under Rule 502(b), disclosure does not operate as a waiver of privilege if: "(1) the disclosure is inadvertent; (2) the holder of the privilege took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B)."

The Court concludes that Best Buy's disclosure was intentional and thus fails the first requirement of Rule 502(b). To begin, the witness interview summaries were labeled with the file name "DEF000243-DEF000264 Independent Investigation" and were specifically identified in Best Buy's Initial Disclosures as "Independent investigation by Mullikin, Larson & Swift, LLC." *See Ulrich Decl.*, Ex. A, Ex. C, Dkts. 30-2, 30-3. The Rule 26 production consisted of only 700 pages of documents. Therefore, this is not a case where the materials were produced based upon their mistaken identity or because they were lost in the shuffle of voluminous discovery. The failure to cure the disclosure for some six months lends additional support to an inference of intentional disclosure.

Moreover, Counsel for Plaintiffs attests that the clawback request was originally made not on grounds of inadvertent production but because new defense counsel wished to employ a different case strategy. *See Ulrich Decl.* ¶ 7. Defense counsel does not deny that its predecessors intended to produce the witness interview summaries.

All evidence before the Court suggests that Best Buy intentionally produced the witness interview summaries. Having found that the disclosure was not inadvertent, the Court need not proceed to address Best Buy's efforts to avoid or rectify the disclosure. Any work product protections associated with these witness interview summaries has been waived.[1] The Court will therefore deny Defendant's Motion to Claw Back these materials.

2. **Best Buy's Request for Entry of Protective Order**

Best Buy also requests that the Court enter a protective order including the following clawback provision: "Production of a privileged or work product document, whether inadvertent or otherwise, is not a waiver of privilege or work product protection in this case or in any other federal or state proceeding." *Id.* at 6. This clawback provision mirrors the request in the Parties' Stipulated Discovery Plan. *See* Dkt. 15 at ¶ VI.a.

Because the parties previously stipulated to the Court's issuance of a Rule 502(b) order, the Court will deny the request to include this language in a separate protective order. Instead, the parties shall meet and confer for the purpose of drafting and submitting

---

[1] This Order does not address the scope of any waiver, insofar as it may extend beyond the work product materials actually produced.

a proposed Rule 502(d) order for the Court's consideration. The proposed language should be clearly limited to inadvertent production. It should also address, in greater detail, the parties' obligations in the event of inadvertent disclosure.

The parties appear to have agreed on all other terms of a protective order. They may separately file their stipulated protective order, exclusive of a clawback provision, for the Court's consideration.

3.  **Best Buy's Motion to Seal**

Best Buy also requests that this Court file the Declaration of Sara E. Van Genderen and Exhibit 1 thereto (the witness interview summaries) under seal. A party seeking to seal documents attached to a non-dispositive motion has the burden of demonstrating "good cause" that outweighs the strong presumption of public access to judicial files and records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The witness interview summaries contain significant personal details about non-party employees of Best Buy along with identifying information, and thus good cause exists for filing the documents under seal. Moreover, the Court finds no significant public interest in the disclosure of the documents. The Motion to Seal will be granted. Plaintiffs filed a separate copy of the witness interview summaries, *see* Ulrich Decl., Ex. A (Dkt. 31), which shall also remain under seal.

**ORDER**

**IT IS ORDERED:**

1. Defendant's Motion to Claw Back Certain Work Product Material Produced During Discovery and for Entry of a Protective Order (Dkt. 25) is **DENIED**.

2. Defendant's Motion to Seal (Dkt. 28) is **GRANTED**. The following documents shall remain **UNDER SEAL**:

    a. Declaration of Sara E. Van Genderen and Exhibits (Dkt. 27).

    b. Exhibit A to Declaration of Amanda E. Ulrich (Dkt. 31).

DATED: August 14, 2017

B. Lynn Winmill
Chief Judge
United States District Court